some particular book, paper, document, article, or property which it is desired to inspect, and to at least suggest its relation to the cause of action asserted, that the court may determine whether the inspection is necessary to the proper disposition of the matter before the court. The record now before us does not show that any ropes, wagons, etc., were used in the work, or that they could have been used, and I see no reason why there should be an inspection of articles not shown to have a relation to the controversy.

The motion should be denied, without prejudice to the plaintiff moving upon proper papers for the relief requested, and without costs.

---

### CHARD v. RYAN-PARKER CONST. CO.   (No. 7061.)

(Supreme Court, Appellate Division, First Department.   April 16, 1915.)

NEW TRIAL ☞29—GROUNDS—MISCONDUCT OF COUNSEL.

In an action for an accounting, where the trial involved an inquiry into details, counsel for plaintiff accused defendant's counsel of manipulating certain books of accounts, which were the basis of various contentions, and, after defendant's counsel had replied in abusive language, struck defendant's counsel in open court, and thereupon apologized to the court, although he did not withdraw the accusation. Counsel for defendant refused to apologize, and his motion to withdraw one of the jurors was denied, and the court, without taking any action to punish counsel, asked any juror who doubted his ability to reach a fair verdict to so state. Held, that the misconduct of counsel had so prejudiced defendant as to render a fair trial impossible, requiring the granting of a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 43, 44; Dec. Dig. ☞29.]

Appeal from Trial Term, New York County.

Action by Standish Chard, as receiver, etc., against the Ryan-Parker Construction Company. From an order granting a motion to set aside a verdict and for a new trial, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Ambrose G. Todd, of New York City, for appellant.
Charles A. Winter, of New York City, for respondent.

DOWLING, J. In affirming the order setting aside the verdict and granting a new trial herein, we find ourselves unable to agree with the trial court on the reasons assigned for its action, but are constrained to affirm the order upon other grounds.

The trial was a long and tedious one, involving much reference to books and papers, and necessitating a scrutiny of the details of the profits claimed to have been made upon a contract with the city involving the sum of nearly $6,500,000. The plaintiff's recovery was for the sum of $265,661.22, in addition to interest, based on an agreement between Cornelius J. Sullivan and the defendant, whereby the former was to receive one-half of the net profits made by the latter on the execution of said contract. The trial began March 12, 1912,

and after it had progressed for more than two weeks a disgraceful altercation took place between two of the trial counsel, in which plaintiff's counsel accused the defendant's attorney of manipulating certain books of account, followed by violent and abusive language upon the part of the defendant's attorney, and by a blow struck in open court by plaintiff's counsel on the person of the defendant's attorney. The whole record of what transpired at this time shows that both these counsel conducted themselves in a highly improper manner, which merited and should have called forth immediate punishment by the court. This, however, was not inflicted, although defendant's attorney persisted in his refusal to make any apology for his actions, which refusal was taken advantage of by the plaintiff's counsel to reiterate apologies to the court, although the court said it would not require him so to do, in view of the refusal of defendant's attorney to apologize.

Defendant's trial counsel promptly made a motion to withdraw a juror, based on the fact that the counsel for plaintiff had charged, in the presence of the jury, that the attorney for defendant had committed a crime in manipulating the books of defendant corporation; that an altercation had taken place, in which, after the exchange of words, plaintiff's counsel had assaulted defendant's attorney; that the incident had been highly prejudicial to the defendant; and that therefore a juror should be withdrawn and a new trial had. This motion the court denied, and an exception was duly taken by defendant's counsel. Thereafter, on the afternoon of the same day, an extended argument took place before the jury, covering some 19 pages in the record, when the whole controversy was again aired, and the court itself said:

"I cannot tell whether this will influence the jury. That is impossible, and possibly they cannot tell. They might think it has no influence, and yet it may. These things have an influence upon men at times that they are unconscious of; but I do not think that, reasonably considering everything, it will influence them, or probably will. It does not appear so."

At the conclusion of the discussion the court asked the jury whether any one among them felt that he could not try the case without prejudice, or reach a fair verdict, to which three of the jurors responded individually, indicating that they had no doubt about their ability to pass upon the case without prejudice, and the court then asked any one who had any doubts about his ability in this connection to arise and say so, and if no one arose he would assume that each one felt that he could try the case and determine upon a verdict without any regard whatever to what was termed "the incident" that had occurred between the counsel and the attorney. It seems quite plain that, after such an exciting episode had occurred between counsel, some prejudice must have been left against one of the parties thereto, which could not fail to influence the determination of the jury. The charge had been made by plaintiff's counsel that defendant's attorney had manipulated the books of his client, and those books were the basis of various contentions of the parties to the action. As the books purported to show the closing and balancing of the contract account in question, and as plaintiff was relying upon his attacks on the disposition of

various sums of money as shown by those books to sustain his .claim that profits had been improperly withheld from him, and amounts of money diverted, given away, or otherwise disposed of, so that the contract would show no profit, a belief upon the part of the jury that the defendant had been manipulating its books, and in bad faith seeking to conceal its profits, to plaintiff's detriment, would quite reasonably have influenced them against the whole merit of defendant's contention.

, The net result of the altercation between the counsel was that the charge had been made against defendant's attorney of manipulating books which were necessary to be used in evidence, and this charge never was withdrawn. Plaintiff's counsel, at the morning session in question, after he had struck defendant's counsel, apologized to the court; but he never withdrew his statement that defendant's attorney had manipulated the books, nor was he required by the court to do so. When the trial court declared the episode closed, with no action of any kind upon its part, either to punish the attorneys or to take appropriate action with respect to the charges that had been made, and for which the record shows no justification, it left the defendant so hopelessly prejudiced, in our opinion, as to render a fair trial of the action and a fair determination of the issues impossible, and to require the setting aside of the verdict and the granting of a new trial upon that ground alone.

It is for that reason that the order appealed from is affirmed, with costs. In so doing we regret that we have no power to deal appropriately with this disgraceful occurrence in open court, as the trial court should have done. All concur.